TONI H. WHITE (SBN 210119)
ATTORNEY AT LAW
P.O. BOX 1081
El Dorado, CA. 95623
(530) 885-6244

Attorney for Defendant
DEVLIN HOSNER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 2:22-CR-00100 JAM |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **NOTICE OF BAIL REVIEW; MOTION** |
| v. | ) **FOR BAIL REVIEW** |
| | ) |
| Devlin Hosner | ) |
| | ) |
| Defendant. | ) Date:   September 19, 2022 |
| | ) Time:  2:00 pm |
| | ) Dept:  Honorable Judge Carolyn K. Delaney |
| | ) |
| | ) |

_____

Defendant respectfully requests that the Court calendar the above referenced matter for a bail review on September 19, 2022 at 2:00 p.m..

**I.**

**INTRODUCTION AND FACTS**

This matter was on for detention hearing on May 3, 2022 at which time the defense submitted on detention and release was denied without prejudice. ECF #10. At that time there was no release plan that Mr. Hosner could present to the court. The co-defendant, Holly Adams, was released into Wellspace residential treatment program on July 20, 2022 on an unsecured bond of $10,000. ECF # 23.

Since the last detention hearing, Mr. Hosner has worked on his sobriety while in custody and has re-connected with his stable and loving father. In addition, Mr. Hosner has been working as an inmate worker at the jail and has shown that he is able to easily follow rules. As Mr. Hosner has been confronting the issues surrounding his drug addiction, he has come to the understanding that residential drug treatment programming is necessary for him. Defense counsel has been in contact with pretrial services regarding Wellspace treatment for Mr. Hosner and has scheduled another pretrial interview.

Mr. Hosner's father, Doug Hosner, is willing to be a third party custodian for Mr. Hosner and to continue to provide him with stability and support if he were to be released to residential drug treatment. Mr. Hosner, the defendant, is willing to sign an unsecured bond in any amount and requests to be released directly into Wellspace residential treatment when a bed becomes available. Mr. Hosner is willing to follow whatever pretrial supervision conditions that the Court fashions and is focused on facing his addiction head on.

## II.

## POINTS AND AUTHORITIES

### A.

**MR. HOSNER'S RELEASE TO RESIDENTIAL DRUG TREATMENT, FAMILY SUPPORT AND UNSECURED BOND LOWER DANGEROUSNESS AND FLIGHT RISK SUCH THAT RELEASE ON CONDITIONS IS PROPER UNDER §§ 3142(e)(g)**

The Bail Reform Act mandates pretrial release unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e); *U.S. v. Hir*, 517 F.3d 1081 (9th Cir. 2008). Because Mr. Hosner is charged via indictment with an offense under the

2

Controlled Substances Act (21 U.S.C. §801 et sec), section 3421 sets forth a statutory presumption that no condition or conditions will reasonably assure that he will attend all court appearances and will not be a danger to the community. 18 U.S.C. §3142(e)(3)(A).

Once a defendant proffers evidence rebutting the presumption, the Court must consider four factors when evaluating whether, in our case, the dangerousness concern can be eradicated: (a) nature and circumstances of the crime, (b) weight and evidence against the defendant, (c) history and characteristics of the person including character, physical and mental condition, family and community ties, financial means, criminal history, record of appearance at court proceedings, history of drug and alcohol abuse and nature and seriousness of danger to any person or community that defendant's release would pose. 18 U.S.C. §3142(g).

The weight of the evidence against a defendant is the least important of the 3142(g) factors. U.S. v. Hir, 517 F.3d at 1090 ("the statute neither requires nor permits a pretrial determination that a person is guilty." [internal cites omitted].) Additionally, a defendant does not need to show that he is not guilty to rebut the presumption. *United States v. Dominquez*, 783 F.2d 702, 707 (7th Cir. 1986). In fact, "a finding of dangerousness cannot be based on evidence that the defendant has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct…[t]his is, indeed, the very import of the presumption of dangerousness in §3142(e)." *Id*. The Court acknowledges that narcotics offenders are a group that are likely to continue to engage in criminal conduct but that "[t]o rebut this presumption they need not necessarily show that they are not guilty….[t]hey could also show….something about their individual circumstances [suggesting] that 'what is true in general is not true in the particular case [internal cites omitted]'. *Id*.

3

In this matter, Mr. Hosner's drug addiction has been the driving force of instability in his life and he now has a chance at residential drug treatment under pretrial supervision. This gives him a very good footing to continue to progress in his recovery.  Additionally, his arrest in this matter was the impetus for him reuniting with his father. Reconnecting with his father has been extremely impactful on Mr. Hosner and he is sincerely ready for drug treatment and moving forward in a positive way with his family support. With his drug addiction under control, and under the watchful eye of pretrial services and his third party custodian and father, Mr. Hosner's risk of dangerousness and flight are lowered enough to allow for release.

## II

## CONCLUSION

For the above-referenced reasons, Mr. Hosner asks that the Court release him into the Wellspace residential treatment program on conditions.

Dated: September 6, 2022

By: /s/ Toni White
TONI WHITE
Attorney for Defendant,
DEVLIN HOSNER