TONI H. WHITE (SBN 210119)
ATTORNEY AT LAW
P.O. BOX 1081
El Dorado, CA. 95623
(530) 885-6244

Attorney for Defendant
DEVLIN HOSNER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVLIN HOSNER,<br><br>Defendant. | No. 2:22-cr-00100-JAM-2<br><br>**STIPULATION AND ORDER**<br><br>Date:  June 18, 2024<br>Time:  9:00 am<br>Dept:  Honorable Judge John A. Mendez |

   The Government, by and through its counsel of record, Samuel Stefanki, and defendant Devlin Hosner, by and through defendant's counsel of record, Toni White, hereby stipulate as follows:

1. This matter is currently set for a status conference on June 18, 2024.

2. By this stipulation, defendant now moves to continue the status conference until September 10, 2024, and to exclude time between June 18, 2024, and September 10, 2024, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

  a) The discovery associated with this case includes thousands of pages of

documents, photographs, and laboratory results, including materials derived from the dark web along with results of forensic examinations of electronic devices and of email search warrants. Much of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government has represented that the discovery associated with this case includes investigative reports, photographs, and video and audio recordings. This discovery has been either produced directly to counsel and/or made available for inspection and copying. Recently, approximately 450 pages of additional discovery was provided.

      b)      Counsel for defendant desires additional time to consult with her client, conduct investigation and research related to the charges, discuss potential resolution with her client, and to otherwise prepare for trial.

      c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 18, 2024, to September 10, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which

a trial must commence.

IT IS SO STIPULATED.

Dated:  June 10, 2024

                    PHILLIP A. TALBERT
                    United States Attorney

                    /s/ TONI WHITE FOR
                    SAMUEL STEFANKI
                    Assistant United States Attorney

Dated:  June 10, 2024              /s/ TONI WHITE
                    TONI WHITE
                    Counsel for Defendant
                    DEVLIN HOSNER

**FINDINGS AND ORDER**

      The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order.  The Court **VACATES** the June 18, 2024, status conference and **RESETS** the matter for a status conference on **September 10, 2024, at 9:00 a.m.**  The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between June 18, 2024, and September 10, 2024, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.  Time from June 18, 2024, to and including September 10, 2024, is excluded from the computation of

time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED.

Dated:  June 12, 2024               /s/ John A. Mendez
                                    THE HONORABLE JOHN A. MENDEZ
                                    SENIOR UNITED STATES DISTRICT JUDGE