TONI H. WHITE (SBN 210119)
ATTORNEY AT LAW
P.O. BOX 1081
El Dorado, CA. 95623
(530) 885-6244

Attorney for Defendant
DEVLIN HOSNER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEVLIN HOSNER,<br><br>　　　　Defendant. | No. 2:22-cr-00100-JAM-2<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>Date:　February 25, 2025<br>Time:　9:00 am<br>Dept:　Honorable Judge John A. Mendez |

　　　　The Government, by and through its counsel of record, Samuel Stefanki, and defendant Devlin Hosner, by and through defendant's counsel of record, Toni White, hereby stipulate as follows:

1.　　This matter is currently set for a status conference on February 25, 2025. By this stipulation, defendant now moves to continue the status conference until May 20, 2025, and to exclude time between February 25, 2025, and May 20, 2025, under Local Code T4.

2.　　The parties agree and stipulate, and request that the Court find the following:

　　　　a)　　The discovery associated with this case includes thousands of pages of documents, photographs, and laboratory results, including materials derived from the dark web

1

along with results of forensic examinations of electronic devices and of email search warrants. Much of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government has represented that the discovery associated with this case includes investigative reports, photographs, and video and audio recordings. This discovery has been either produced directly to counsel and/or made available for inspection and copying, and additional discovery was provided in May and June. Counsel for the defendant desires additional time to consult with her client, conduct investigation and research related to the charges, discuss potential resolution with her client, and to otherwise prepare for trial. Specifically, counsel for the defendant engaged associate counsel to advise the defendant on ways to limit the amount of assets the defendant could be ordered to forfeit if convicted. Associate/forfeiture counsel continues to conduct legal and factual research on these topics, and desires additional time to do so in order to be prepared for trial of the forfeiture allegation in the indictment. Additionally, defense investigation is being conducted relating to the defendant's health history, with the goal of developing evidence to mitigate any possible sentencing exposure if the defendant is convicted. Medical records have been requested and we are awaiting those records as well as additional confirmation of Mr. Hosner's prior cancer diagnosis and treatment. Mr. Hosner developed a drug addiction as a result of that cancer treatment. Additional information regarding mental health issues relating to his breakdown relating to his mother's death, also an impetus to his drug addiction, has been requested. Mitigation relating to his amenability to rehabilitation and programming is being requested. Lastly, defense counsel requires additional time to conduct this research in addition to the time needed to address the defendant's possible forfeiture of assets.

    The defense has received some of the records that is allowing associate counsel to source the funds in this matter from his mother's inheritance but the records are not complete. The funding from Mr. Hosner's mother when through a guardianship with his father and additional

sourcing is needed to show the Government that all of the funds in the case are attributable to Mr. Hosner's inheritance. Associate counsel is working on putting together the sourcing documents for presentation to the Government. We will be asking the Government to remove the forfeiture agreement from any plea agreement and we need the remaining sourcing details to provide to the Government.

    Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    b)    The government does not object to the continuance.

    c)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    d)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 25, 2025, to May 20, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated: February 18, 2025

        MICHELE BECKWITH
Acting United States Attorney

/s/ TONI WHITE FOR
SAMUEL STEFANKI
Assistant United States Attorney

Dated: February 18, 2025

/s/ TONI WHITE
TONI WHITE
Counsel for Defendant
DEVLIN HOSNER

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court **VACATES** the February 25, 2025, status conference and **RESETS** the matter for **May 20, 2025, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between February 25, 2025 and May 20, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from February 25, 2025, to and including May 20, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: February 18, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE