TONI H. WHITE (SBN 210119)
ATTORNEY AT LAW
P.O. BOX 1081
El Dorado, CA. 95623
(530) 885-6244

Attorney for Defendant
DEVLIN HOSNER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEVLIN HOSNER,

    Defendant.

No. 2:22-cr-00100-JAM-2

**STIPULATION AND ORDER TO VACATE STATUS CONFERENCE AND SET CHANG OF PLEA HEARING**

Date:  May 20, 2025
Time:  9:00 am
Dept:  Honorable Judge John A. Mendez

    The Government, by and through its counsel of record, Samuel Stefanki, and defendant Devlin Hosner, by and through defendant's counsel of record, Toni White, hereby stipulate as follows:

1.    This matter is close to resolution. Mr. Hosner is housed in Yuba county jail, which requires additional travel time for counsel to have multiple additional meetings that are needed to fully advise him on the terms, conditions and ramifications of the plea agreement as revisions, if any, are made. The parties, additionally, are continuing to work on the terms of the agreement as more clarity has been gained on the substantive forfeiture issues. Lastly, the defense has been working to obtain old medical records related to Mr. Hosner's cancer diagnosis. The medical

1

facility rejected one of the medical releases, a new release has been mailed to Mr. Hosner, and we are awaiting his signature. These medical records are part of the mitigation that the defense is providing to the Government to support plea negotiations as well as prepare for trial and/or sentencing in the unlikely event that the matter does not resolve.

2.      This matter is currently set for a status conference on May 20, 2025.  By this stipulation, defendant now moves to vacate the status conference and set a change of plea for August 19, 2025, and to exclude time between May 20, 2025, and August 19, 2025, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

   a)      The discovery associated with this case includes thousands of pages of documents, photographs, and laboratory results, including materials derived from the dark web along with results of forensic examinations of electronic devices and of email search warrants. Much of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government has represented that the discovery associated with this case includes investigative reports, photographs, and video and audio recordings. This discovery has been either produced directly to counsel and/or made available for inspection and copying. Counsel for the defendant desires additional time to consult with her client, conduct investigation and research related to the charges, discuss potential resolution with her client, and to otherwise prepare for trial.

   Specifically, counsel for the defendant engaged associate counsel to advise the defendant on ways to limit the amount of assets the defendant could be ordered to forfeit if convicted. Associate/forfeiture counsel continues to conduct legal and factual research on these topics, and desires additional time to do so in order to be prepared for trial of the forfeiture allegation in the indictment. Additionally, defense investigation is being conducted relating to the defendant's health history, with the goal of developing evidence to mitigate any possible sentencing exposure if the defendant is convicted. Medical records have been requested and we are awaiting those

records as well as additional confirmation of Mr. Hosner's prior cancer diagnosis and treatment. Mr. Hosner developed a drug addiction as a result of that cancer treatment. Additional information regarding mental health issues relating to his breakdown relating to his mother's death, also an impetus to his drug addiction, has been requested. Mitigation relating to his amenability to rehabilitation and programming is being requested. Lastly, defense counsel requires additional time to conduct this research in addition to the time needed to address the defendant's possible forfeiture of assets.

    The defense has received some of the records that is allowing associate counsel to source the funds in this matter from his mother's inheritance but the records are not complete. The funding from Mr. Hosner's mother when through a guardianship with his father and additional sourcing is needed to show the Government that all of the funds in the case are attributable to Mr. Hosner's inheritance. Associate counsel is working on putting together the sourcing documents for presentation to the Government. We will be asking the Government to remove the forfeiture agreement from any plea agreement and we need the remaining sourcing details to provide to the Government.

    Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    b)    The government does not object to the continuance.

    c)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    d)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 20, 2025 to August 19, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.

Dated:  May 19, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ TONI WHITE FOR
SAMUEL STEFANKI
Assistant United States Attorney

Dated:  May 19, 2025

/s/ TONI WHITE
TONI WHITE
Counsel for Defendant
DEVLIN HOSNER

4

# ORDER

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court **VACATES** the May 20, 2025, status conference and **SETS** the matter for a **Change of Plea Hearing** on **August 19, 2025, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between May 20, 2025 and August 19, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from May 20, 2025, to and including August 19, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: May 19, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE