TONI H. WHITE (SBN 210119)
ATTORNEY AT LAW
P.O. BOX 1068
Placerville, CA. 95667
(530) 885-6244

Attorney for Defendant
DEVLIN HOSNER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVLIN HOSNER,<br><br>Defendant. | No. 2:22-cr-00100-JAM-2<br><br>**STIPULATION AND ORDER CONTINUING CHANGE OF PLEA HEARING**<br><br>Date:  August 26, 2025<br>Time: 9:00 am<br>Dept: Honorable Judge John A. Mendez |

The Government, by and through its counsel of record, Samuel Stefanki, and defendant Devlin Hosner, by and through defendant's counsel of record, Toni White, hereby stipulate as follows:

1.    This matter is closer to resolution than it was at the time of the last scheduled hearing. The parties are attempting to resolve the last of the complex forfeiture issues in this matter and counsel is continuing to discuss matters with Mr. Hosner related to a potential trial in the event that the forfeiture issues prevent the matter from resolving via plea agreement or open plea. Mr. Hosner is housed in Yuba county jail, which requires additional travel time for counsel to have multiple additional meetings that are needed to fully advise him on the terms, conditions and

1

ramifications of the plea agreement as revisions, if any, are made.

2.      This matter is currently set for a change of plea on August 26, 2025. By this stipulation, defendant now moves to set a change of plea for October 21, 2025 and to exclude time between August 26, 2025, and October 21, 2025, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

    a)      The discovery associated with this case includes thousands of pages of documents, photographs, and laboratory results, including materials derived from the dark web along with results of forensic examinations of electronic devices and of email search warrants. Much of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government has represented that the discovery associated with this case includes investigative reports, photographs, and video and audio recordings. This discovery has been either produced directly to counsel and/or made available for inspection and copying. Counsel for the defendant desires additional time to consult with her client, conduct investigation and research related to the charges, discuss potential resolution with her client, and to otherwise prepare for trial.

    Specifically, counsel for the defendant engaged associate counsel to advise the defendant on ways to limit the amount of assets the defendant could be ordered to forfeit if convicted. Associate/forfeiture counsel continues to conduct legal and factual research on these topics, and desires additional time to do so in order to be prepared for trial of the forfeiture allegation in the indictment.

    Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    b)      The government does not object to the continuance.

    c)      Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        d)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 26, 2025 to October 21, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

        IT IS SO STIPULATED.

Dated: August 21, 2025

        ERIC GRANT
        United States Attorney

        /s/ SAMUEL STEFANKI
        SAMUEL STEFANKI
        Assistant United States Attorney

Dated: August 21, 2025

        /s/ TONI WHITE
        TONI WHITE
        Counsel for Defendant
        DEVLIN HOSNER

**FINDINGS AND ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the August 26, 2025 change of plea hearing and resets the matter for a change of plea on **October 21, 2025, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between August 26, 2025 and October 21, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from August 26, 2025, to and including 'October 21, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED.

August 21, 2025

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE